OPINION OF THE COURT
Thomas A. Standee, J.
*871 The petitioner, David Ahl, submits this CPLR article 78 application requesting this court to order respondent, Louis Howard, in his official capacity as Director of the Bureau of Parking and Municipal Code Violations of the City of Rochester, to accept petitioner’s notice of appeal for filing on behalf of the Bureau of Parking and Municipal Code Violations of the City of Rochester; and to order respondents to direct the Appeal Board of the Bureau of Parking and Municipal Code Violations of the City of Rochester to hear said appeal and duly render a determination thereon; and to order respondent City of Rochester to pay the petitioner’s costs and disbursements in this proceeding.
The respondents, Louis Howard as Director of the Bureau of Parking and Municipal Code Violations and the City of Rochester, submit a cross motion for an order declaring that the petitioner has failed to sustain his burden of proof and failed to exhaust his administrative remedies and, therefore, ordering the dismissal of this article 78 proceeding in its entirety and on the merits; and providing such other and further relief together with the costs and disbursements of this proceeding.
After pleading not guilty to a violation, the hearing examiner found the petitioner guilty and imposed a penalty. On November 18, 2005 the petitioner went to the Bureau of Parking and Municipal Code Violations to file a notice of appeal from the hearing examiner’s determination. The office refused to accept the appeal unless the fine and penalty were paid in advance. The petitioner met with Louis Howard, Director, who refused to accept the notice of appeal for filing unless the imposed fine and penalty were paid. The Director relied on regulations of the Bureau of Parking and Municipal Code Violations and the City of Rochester but did not advise of the exact regulation.
Vehicle and Traffic Law § 242 (3) provides for the procedure to appeal a final determination of a hearing examiner. Section 242 (3) of the Vehicle and Traffic Law allows a party to obtain a review “by serving . . . upon the bureau, within thirty days of the entry of such final determination, a notice of appeal setting forth the reasons why the final determination should be reversed or modified.” This statute also set forth the general procedure for this appeal process. The statute does not require the payment of the fine and penalty before an appeal is accepted by the bureau.
The respondents raise several arguments in opposition to the petitioner’s application. First respondents assert that the decision of the hearing officer was not a final order, thus it cannot *872 be appealed or challenged in an article 78 proceeding. However, the petitioner here is not appealing the decision of the hearing officer. Instead, the petitioner has been unable to file his notice of appeal and that determination to not allow the filing of an appeal is a final determination that cannot be adequately reviewed by appeal. Under the factual circumstances existing in this case, petitioner has exhausted his administrative remedies and an article 78 proceeding is an appropriate proceeding.
The respondents also refuse to allow the petitioner to file his notice of appeal without the posting of a bond or paying the fines and penalties based upon section 242 of the Vehicle and Traffic Law. Section 242 does not contain any requirement for payment of the bond or the fine before the filing of a notice of appeal.* Respondents cannot point to any statute of the Vehicle and Traffic Law requiring payment of the fine prior to filing the notice of appeal.
Respondents further rely on their Rules and Regulations adopted pursuant to Vehicle and Traffic Law § 237 (3) which gives parking violations bureaus the function, power and duties
“[t]o adopt rules and regulations not inconsistent with any applicable provision of law to carry out the purposes of this article, including but not limited to rules and regulations prescribing the internal procedures and organization of the bureau, the manner and time of entering pleas, the conduct of hearings, and the amount and manner of payment of penalties.”
Under the auspice of this authorization the Bureau adopted section 10.2 (d) of its Rules and Regulations stating “[n]o appeal shall be permitted unless the fines and penalties assessed by a Final Determination of a Hearing Examiner are paid, or the Respondent shall have posted in escrow a cash or recognized surety company bond in the full amount of the Final Determination appealed from.”
The question presented by petitioner is whether section 10.2 (d) of the Bureau’s Rules and Regulations is enforceable. The Bureau only has the authority to adopt rules and regulations that are not inconsistent with any applicable provision of law to carry out the purposes of Vehicle and Traffic Law article 2-B, Adjudication of Parking Infractions. Section 242 of article 2-B *873 states unequivocally that a party aggrieved by a final determination of a hearing examiner may obtain a review by serving upon the Bureau a notice of appeal within the time frames and requirements specified. The rule at section 10.2 (d) refusing to permit an appeal unless the fines and penalties assessed have been paid is inconsistent with section 242 of article 2-B which authorizes and delineates the process for obtaining an appeal.
The motion of the respondents for dismissal of the petitioner’s article 78 proceeding is denied. The article 78 proceeding by the petitioner, David Ahl, requesting this court to order respondent, Louis Howard, in his official capacity as Director of the Bureau of Parking and Municipal Code Violations of the City of Rochester, to accept petitioner’s notice of appeal for filing on behalf of the Bureau of Parking and Municipal Code Violations of the City of Rochester; and to order respondents to direct the Appeal Board of the Bureau of Parking and Municipal Code Violations of the City of Rochester to hear said appeal and duly render a determination thereon in accordance with the law, is granted.
The petitioner’s application to order respondent City of Rochester to pay the petitioner’s costs and disbursements in this proceeding is granted.

 The statute does contain a provision stating that the service of a notice of appeal “shall not stay the enforcement of a judgment upon the determination appealed from.” (Vehicle and Traffic Law § 242 [5].)